

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARSHA ARNOLD AND WILLIAM ARNOLD | * | CIVIL ACTION NO. 2:12-CV-2252 |
| | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | **JUDGE MINALDI** |
| AECOM GOVERNMENT SERVICES EMPLOYEE BENEFIT PLAN & TRUST EXPATRIATE ET AL. | * | |
| | * | |
| | * | |
| | * | **MAGISTRATE JUDGE KAY** |
| **Defendants** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>MEMORANDUM RULING</u>

Before the court is the defendant, GSA Benefit Administrator's [GSA], Objections and Motion in Limine Regarding Plaintiffs' Fact Assertions and Claims for Damages and Other Relief [Doc. 21], filed on August 19, 2013. On August 20, 2013, the Clerk of Court issued a Notice of Motion Setting [Doc. 22], setting deadlines for Marsha Arnold and William Arnold (plaintiffs) to respond to GSA's Motion. To date, no response has been filed. However, as the plaintiffs have offered some argument as to GSA's positions in the plaintiffs' Reply Memorandum in Support of ERISA Claim [Doc. 26], and the plaintiffs have filed neither a Response to GSA's Motion in Limine nor a request for an extension of time, the court finds that this matter is now ripe for review. For the following reasons, GSA's Motion be and hereby is **GRANTED IN PART, AND DENIED IN PART.**

**FACTS AND PROCEDURAL HISTORY**

This case concerns disputed payments under an ERISA claim. The plaintiff, Marsha Arnold, was previously employed by AECOM Technology Corporation (AECOM) providing support services to U.S. troops in Afghanistan.[1] Pursuant to her employment, Mrs. Arnold was

---
[1] Pl.'s Memo. [Doc. 17], at 1.

enrolled in a benefits plan that was governed by ERISA.[2]  The plan provided group health insurance for Mrs. Arnold as well as her husband.[3]

Mrs. Arnold resigned in December, 2009, and thereafter was eligible for continued health coverage under the group insurance plan, which the plaintiffs chose to retain.[4]  The central dispute herein centers around whether the plaintiffs were still covered under the policy when William Arnold was involved in a motorcycle accident in South Dakota on August 8, 2011.[5]

The plaintiffs essentially contend that GSA's representations led the plaintiffs to reasonably believe that they were still covered under the policy at the time of accident.  These alleged representations include: 1) verification of the policy by GSA to Mr. Arnold's hospital case manager, Connie Gednalske, at the time Mr. Arnold arrived at the hospital in South Dakota;[6] 2) confirmation to Mrs. Arnold by GSA via oral conversations with two GSA employees, Jennifer Castrova and Jonathan Leone, that the policy was in effect through September 17, 2011;[7] 3) a December 22, 2010, letter from GSA informing the plaintiffs that their premium payments would be going up for their policy which would be effective through December 31, 2011;[8] 4) a book of coupons, sent to the plaintiffs by GSA, that ran through December, 2011, to be used on a monthly basis in conjunction with their premium payments;[9]

---

[2] *See* Minutes for May 2, 2013, Scheduling Conference [Doc. 12], in which both parties agreed that this proceeding is governed by ERISA.
[3] Pl.'s Memo. [Doc. 17], at 2.
[4] Def.'s Resp. [Doc. 24], at 10-11.
[5] *See* Pl.'s Compl. [Doc. 1], at ¶¶ 17-31.
[6] Pl.'s Compl. [Doc. 1], at ¶ 18
[7] *Id.* at ¶ 19.  This conversation is one of the disputed pieces of evidence in the instant motion.
[8] *Id.* at ¶ 12.
[9] Pl.'s Memo. [Doc. 17], at 3-4.  *See also* Def.'s Resp. [Doc. 24], at 13.

and 5) the acceptance of premium payments for several months after the purported policy cancellation date of June 17, 2011.[10]

GSA, however, argues that the policy terminated on June 17, 2011 by virtue of the fact that that was eighteen months from Mrs. Arnold's "qualifying event"—namely, the end of Mrs. Arnold's employment—and, according to GSA, eighteen months represents the outside maximum for continuation coverage.

The plaintiffs filed suit in the Western District of Louisiana against AECOM Governments Services Employee Benefit Plan & Trust (AECOM), an ERISA employee welfare benefit plan, and GSA on August 23, 2012.  The plaintiffs sued based on an alleged breach of fiduciary duties on the part of GSA and to recover benefits owed to them under the AECOM Benefit Plan.  Specifically, the plaintiffs seek payment of medical expenses incurred or owed as a result of Mr. Arnold's accident; any expenses associated with rehabilitating the plaintiffs' credit scores; the increased cost of private insurance premiums resulting from the lapse in coverage; compensatory damages for mental anguish and emotional distress; and costs and attorney's fees.[11]

AECOM was voluntarily dismissed from the suit on February 6, 2013.  On May 2, 2013, Magistrate Judge Kay issued an ERISA Case Order [Doc. 13] governing the progression of this action.  The Magistrate Judge, noting that the standard of review of an employee benefit plan has been set forth by the Supreme Court[12] and the Fifth Circuit,[13] ordered GSA to compile the administrative record electronically and submit it to the court.  The record was to be

---

[10] *See* Def.'s Resp. [Doc. 24], at 16 (stating that "[t]he checks for July, August, and September 2011 were returned to Plaintiffs on September 1, 2011, two and a half weeks after the accident, and on the same day Vanbreda verified that an extension of Plaintiffs' continuation coverage was not possible.").
[11] Pl.'s Compl. [Doc. 1], at ¶¶ 31-32.
[12] *See* ERISA Case Order [Doc. 13], *citing Firestone Tire & Rubber Co. v. Bruch*, 109 S. Ct. 948 (1989).
[13] *See* ERISA Case Order [Doc. 13], *citing Vega v. Nat'l Life Ins. Services*, 188 F.3d 287 (5th Cir. 1999).

supplemented by the plaintiffs as necessary by a Motion to Supplement within fourteen days of the receipt of GSA's filing. The Order of the Magistrate Judge further stated that no discovery shall take place in this matter without first obtaining leave of court, and, even then, discovery shall only be permitted as to "subject matter which relates to the administrator's interpretation of the terms of the policy or plan."[14]

Pursuant to the briefing schedule set forth in the Order of the Magistrate Judge, the plaintiffs then submitted a Memorandum in Support of ERISA Claim [Doc. 17]. Prior to GSA's filing of its response to the plaintiffs' brief, GSA submitted the instant Motion [Doc. 21]. GSA's Response [Doc. 24] to the plaintiffs' brief followed, to which the plaintiffs have filed a Reply [Doc. 26] in which they partially address[15] the points made by GSA in its Motion in Limine [Doc. 21].

## LAW & ANALYSIS

GSA requests the exclusion of the plaintiffs' claims for damages and other relief from the consideration of the court, as well as a declaration that the plaintiffs are not entitled to any award on those claims.[16] GSA further seeks the exclusion of any assertions of fact in the plaintiffs' Memorandum [Doc. 17] (and, presumably, the plaintiffs' Reply [Doc. 26]) which are not supported by reference to the Administrative Record.[17]

Courts adjudicating ERISA cases are generally limited only to the consideration of evidence contained within the administrative record. *Hargrave v. Commonwealth Gen. Corps. Long Term Disability Plan*, 430 Fed. Appx. 256, 259 (5th Cir. 2011) (*citing Vega v. Nat'l Life*

---

[14] ERISA Case Order [Doc. 13] (citations omitted). The Order went on to state that "[t]here may be no discovery regarding the factual basis of plaintiff's medical claim as this court's review is constrained to the evidence contained in the administrative record and may only be overturned should the court conclude there has been an abuse of discretion." *Id.* (citations omitted).
[15] *See* Pl.'s Reply [Doc. 26], at 6
[16] Proposed Order Granting Def.'s Objections and Mot. in Limine [Doc. 21-1], at 1-2.
[17] Proposed Order Granting Def.'s Objections and Mot. in Limine [Doc. 21-1], at 1-2.

*Ins. Services*, 188 F.3d 287, 299 (5th Cir. 1999)).  There are, however, certain limited exceptions to this rule.  *See Vega*, 188 F.3d at 299 (noting that the primary exceptions are generally related to either 1) interpretation of the plan, or 2) explaining medical terms and procedures pertaining to the claim at issue).  Here, however, the plaintiffs have not yet sought the invocation of any such exception, and, pursuant to this rule, GSA seeks an order of this court excluding any factual matters presented by the plaintiffs, "as well as any assertions as related to damages and relief[,] that are not contained in the Administrative Record."[18]

While the court agrees with GSA's assessment of the applicable rules, it could be argued that GSA's request is somewhat unnecessary given the prior Order of the Magistrate Judge prohibiting discovery without leave of court, and further limiting discovery, should such leave be granted, to matters related to the interpretation of the plan, pursuant to the holding in *Vega*. *Vega*, 188 F.3d at 299.  In some respects, to grant a Motion seeking an order excluding any and all materials not contained in the Administrative Record at this time seems somewhat redundant, given the Order of the Magistrate Judge currently in effect prohibiting further discovery, and the possibility that further discovery may be permitted in the future on those aforementioned limited issues.

GSA also seeks to exclude from the court's consideration the plaintiffs' claims for damages and other relief.  In their Memorandum, the plaintiffs assert medical bills of approximately $564,000.00.[19]  GSA argues, however, that evidence of these expenses must be excluded from consideration, pursuant to the principles already discussed, as there is no proof or documentation of such medical bills or expenses in the Administrative Record.  The plaintiffs counter by asserting that their understanding of the ERISA Case Order [Doc. 13] was that

---

[18] Def.'s Objections and Mot. in Limine [Doc. 21-2], at 2.
[19] Pl.'s Memo. [Doc. 17], at 5.

"briefing was to be submitted on the limited issue of the 'employee benefit plan determination.'"[20] Thus, it seems that the plaintiffs believed that further briefing and submissions would be requested by the court at a later date, presuming that this preliminary issue was resolved in the plaintiffs' favor.[21]

The ERISA Case Order [Doc. 13] first noted that review of the employee benefit plan determination is limited by the principles set forth in *Bruch*, 109 S. Ct. 948, and *Vega*, 188 F.3d 287. The Order then clearly stated that the plaintiffs were to file a Motion to Supplement the Record, if they believed the record was incomplete for purposes of the court's consideration of the issues raised by the plaintiffs, no later than fourteen days from the Clerk of Court's receipt of the copy of GSA's submission of the administrative record.[22] This, the plaintiffs failed to do.

The Fifth Circuit has clearly stated that, "'when assessing factual questions, the district court is constrained to the evidence before the plan administrator.'" *Hargrave*, 430 Fed. Appx. at 259 (*citing Vega*, 188 F.3d at 299). It is for this reason that the court originally issued the ERISA Case Order—in order to give the parties ample opportunity to put the administrative record before the court. Furthermore, even though the time set forth in the ERISA Case Order [Doc. 13] for filing a Motion to Supplement the Record has already come and gone, the plaintiffs have not submitted any filing requesting leave of court to file an out of time Motion to Supplement the Record in an effort to further develop the Record. As a result, the court has no choice at this time but to grant GSA's Motion so as to exclude from consideration any evidence not contained in the Administrative Record, subject to the plaintiffs' right to move to admit additional evidence under Fifth Circuit law. However, as to GSA's request that the plaintiffs'

---

[20] Pl.'s Reply [Doc. 26], at 6.
[21] *Id.*
[22] *See* ERISA Case Order [Doc. 13], at 1.

*claims* themselves be excluded from the court's review,[23] a Motion in Limine is an improper vehicle for such a request, and, in any case, the court is hesitant to dismiss any of the plaintiffs' claim at this time. Accordingly,

   **IT IS ORDERED** that GSA's Motion in Limine is **GRANTED** insofar as GSA requests that evidence not contained in the Administrative Record be excluded from review by the court, subject to the plaintiffs' right to move to admit additional evidence under Fifth Circuit law.

   **IT IS FURTHER ORDERED** that GSA's Motion in Limine is **DENIED** insofar as GSA seeks either the dismissal of any of the plaintiffs' claims or a finding in favor of GSA at this time as to any of the plaintiffs' claims.

   Lake Charles, Louisiana, this *13*day of _____, 2013.


                                   _____
                                   PATRICIA MINALDI
                                   UNITED STATES DISTRICT JUDGE

---

[23] Memo. in Supp. [Doc. 21-2], at 3.